**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ITTLESON SJS HOTEL LLC,<br><br>       Plaintiff,<br><br>v.<br><br>SJS PROPERTIES GROUP; and DOES 1 to 20, Inclusive,<br><br>       Defendants. | 1:11-cv-00261 OWW SKO<br><br>MEMORANDUM DECISION AND ORDER RE PLAINTIFF'S MOTION TO REMAND. |

## I.   INTRODUCTION

Before the court is Plaintiff's motion to remand the case to Fresno County Superior Court. Doc. 4. Defendant, proceeding in pro per, filed an opposition (Doc. 7), to which Plaintiff replied (Doc. 8).

## II.   BACKGROUND

On January 7, 2011, Plaintiff filed a Complaint for Unlawful Detainer by Purchaser Against Occupant Holding Over After Nonjudicial Sale (CCP § 1161a(b)(3)) ("Complaint") in the Superior Court of California, County of Fresno. Doc. 1, Ex. A. The Complaint seeks (1) possession of the San Joaquin Suites ("Property"), which Plaintiff alleges it purchased at a trustee's sale in compliance with California Civil Code § 2924; (2) statutory damages pursuant to California Code of Civil Procedure § 1174(b); (3) actual damages; and (4) reasonable attorneys' fees.

1

Defendant removed the case to federal court on February 15, 2011. Doc. 1. On March 9, 2011, Plaintiff filed a motion to remand. Doc. 4. Plaintiff contends that remand is proper because: (1) the removal was procedurally defective, (2) there is no federal question jurisdiction, and (3) this is another delay tactic designed to frustrate Plaintiff's attempt to secure possession of the Property. Defendant opposed the motion (Doc. 7), to which Plaintiff replied (Doc. 8).

### III. LEGAL STANDARD

28 U.S.C. § 1441(a) provides in pertinent part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"The threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 861 (9th Cir. 2003). "A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d at 1042.

To protect the jurisdiction of state courts, removal jurisdiction is strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005)

(citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S.Ct. 868 (1941)). Any doubt as to the right of removal must be resolved in favor of remand. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). It is presumed "that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d at 1042 (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (alterations in original).

## IV.  <u>ANALYSIS</u>

A. <u>Procedural Defect</u>

At the outset, Plaintiff contends that Defendant's Notice of Removal should be stricken because it was signed and submitted by Defendant, an LLC acting in pro per.

A corporation may appear in federal court only through a licensed attorney. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202, 113 S.Ct. 716 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel . . .. [T]hat rule applies equally to all artificial entities."); *U.S. v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993); Local Rule 183(a) ("A corporation *or other entity* may appear only by an attorney.") (emphasis added). California state courts also forbid a corporation from representing itself. *CLD Const., Inc.*

3

*v. City of San Ramon*, 120 Cal.App.4th 1141, 1145, 16 Cal.Rptr.3d 555 (2004) ("[U]nder a long-standing common law rule of procedure, a corporation, unlike a natural person, cannot represent itself before courts of record in propria persona, nor can it represent itself through a corporate officer, director or other employee who is not an attorney. It must be represented by licensed counsel in proceedings before courts of record.").

Here, Defendant, an LLC, appears in pro per. Because an entity can appear in federal court only through a licensed attorney, the Notice of Removal is procedurally defective. Plaintiff does not argue that this defect cannot be cured, but that the removability must be tested at the time of removal.

B. <u>Federal Question Jurisdiction</u>

Plaintiff contends that the case should be remanded because the court does not have federal question jurisdiction under 28 U.S.C. § 1331.

District courts "have federal question jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To determine whether removal is proper based on "federal question jurisdiction, the well-pleaded complaint rule 'provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Hunter v. Philip Morris USA*, 582 F.3d at 1042 (quoting *Fisher v. NOS Commc'ns (In*

4

*re NOS Commc'ns)*, 495 F.3d 1052, 1057 (9th Cir.2007)). More specifically, federal question jurisdiction exists "if a well-pleaded complaint establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Armstrong v. N. Mariana Islands*, 576 F.3d 950, 955-956 (9th Cir.2009) (quoting *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement in the Cloverly Subterranean Geological Formation*, 524 F.3d 1090, 1100 (9th Cir. 2008) (internal quotation marks omitted). "Whether the complaint states a claim arising under federal law must be ascertained by the legal construction of [the plaintiff's] allegations, and not by the effect attributed to those allegations by the adverse party." *Ultramar America Ltd. v. Dwelle*, 900 F.2d 1412, 1414 (9th Cir.1990).

Here, the Complaint asserts an unlawful detainer action for recovery of possession of real property under California Code of Civil Procedure § 1161a, an inherently local action. Because the Complaint does not assert any claims arising under federal law, there is no federal question jurisdiction.

## V. CONCLUSION

For the reasons stated:

1. Plaintiff's motion to remand is GRANTED.

2. Plaintiff shall submit a proposed form of order consistent

5

1   with this memorandum decision within five (5) days of
2   electronic service of this memorandum decision.
3  SO ORDERED.
4  DATED: April 11, 2011
5                                         /s/ Oliver W. Wanger
                                          Oliver W. Wanger
6                                    United States District Judge